Alright, welcome back. Let's call our fourth case this morning, which is 18-1012, Butler v. Board of County Commissioners, Mr. Mead. May it please the court, my name is Ben Mead, counsel for Jared Butler. Today I intend to focus on two arguments. First, the particular speech at issue in this case, that is Mr. Butler's truthful testimony offered in a child custody proceeding, was speech of a matter of public concern. Second, the defendants have not carried their burden of showing that their interest in workplace efficiency outweighed Mr. Butler's interest in his pre-speech rights. So you stress the word truthful on, to be a public concern, it had to be truthful. Wouldn't it even be more of a public concern if his testimony were false? Wouldn't the public be more interested in public officials who are testifying falsely? Isn't that a greater concern? That's an interesting question. What I would contend is that the case law suggests that it has to be truthful testimony for it to be protected. We're talking about Mr. Butler's pre-speech rights. We're not talking about yet whether it's protected, we're only applying one factor to address whether it's protected. Before we ever decide as a matter of public policy whether it should be protected, we're deciding factor one, which is, is this something the public is concerned about? Should the public be concerned? And you're saying, yes, the public should be concerned when a public official testifies truthfully about something. And I'm saying, shouldn't the public even be more concerned when your public official testifies falsely about something? And I would say this, that certainly a response to a charge of public corruption. No, I'm not talking about the underlying charge. I'm talking about the truth or false statement, whether it is it was sunny today or cloudy today. I hope that the public be more concerned about a false statement. And yet you and all the president define that first phrase as it's not protected unless it's truthful testimony. And I'm saying, why should that be a limiting factor? And here's my answer to that question. Numerous things. For one thing, I would direct this court to the reasoning by the United States Supreme Court in Lane, because in Lane, applying the third prong of the Pickering-Gar study. And that's a very different prong. That is a different prong. But I still want to recognize that they said that under the third prong, the balancing of the interest prong, you're subject to decreased protection for providing testimony that's false. That's one point. A second point in answer to your question is, yes, if you are speaking about the fact that a public official testified falsely, that would seem to be a matter of public concern, that speech, because such speech would go to issues of public corruption, right? But that does not, but it doesn't mean that then testifying falsely about some other matter, that the testifying falsely is protected speech of a matter of public concern. Moving on. Good idea. That's the best thing you've said. Let me follow up on you. Okay. We're looking at the second pronger element of our test, whether something's a matter of public concern. And in our cases, we use a somewhat vague phrase that you look at the content, form, and context of the speech. And as I understand your argument, you're really hanging your hat on the form and context of the speech here. The form of the speech is testimony in a judicial proceeding. And the context, I guess, would be public testimony in a child custody matter. But in our case, you seem to be unclear whether that's enough. I think you're arguing that we can stop there and you win. But I also want you to talk about the content of the speech here. And I really, it seems to fall into two categories. One would be, as I understand from your complaint, we're hearing a motion to dismiss. So really all we have is the complaint to look at for purposes of this appeal and argument. And your client, Dana, was a character witness for his sister-in-law. And so I presumably spoke about her good character. And he also spoke about some workplace-related matters. Now, question number one is, why is a child custody dispute a matter of public concern? It seems to be entirely a matter of private right. His testimony was voluntary and really doesn't impact the public at all, unlike the corruption cases that you more the public would be interested in. I want to push back on multiple things that you said, Your Honor. That's why you're here. I disagree that we are, we argue two issues, right? We argue that there's a per se rule has been adopted in the 10th Circuit. But we also argue that truthful in-court testimony on child custody is speech on a matter of public concern. So in neither of those arguments do we say, only look to form and content and, or rather only look to form and context and ignore content. That's not what we're arguing. For a per se rule, the fact that you're in court is going to affect form, content, and context. And similarly, the fact that you're in court at a child custody proceeding and you're testifying about child custody Why is that a matter of public concern? That is a matter of public concern because there is the general principle, well established in the 10th Circuit, that truthful in-court testimony is speech on a matter of public concern. And that was laid out in the Worrell case where they considered a public employee who's asked to testify in court and faces the prospect of either testifying truthfully, serving the fact-finding mission of the court, but jeopardizing her employment, or testifying falsely, not serving the fact-finding mission of the court, but jeopardizing her job. So in-court testimony, bright line, matter of public concern, no matter what the subject matter of the dispute is. That's one of our arguments, but I do want to address your argument. I just want to frame it. That's the general overall rubric that we're within, that there's at the very least a general principle. Then, even in the circuit that hasn't adopted the per se rule, the 7th Circuit, they said, well, it's only going to be the rarest of cases where truthful in-court testimony is not speech on a matter of public concern. And this brings me to your point. When you talk about speech on child custody, that is not that rarest of cases as recognized in the 7th Circuit. It's not that rarest of cases. The Colorado legislature has gone beyond merely passing statutes that lay out the rules for child custody disputes. They've made legislative pronouncements, many of them, cited in our briefs, that have to do with the general legislative intent, the purpose behind those pronouncements. That's true of any judicial dispute, in effect. I mean, this could have been a contract battle. And I think the public, you know, the State of Colorado is in interest that people testify truthfully in contract disputes because it's important that those agreements be resolved justly. I mean, every judicial dispute has, you know, we want to promote truthfulness. You know, child custody is important, but so are countless other topics that really aren't a public matter. They're more of a private dispute. But a contract dispute, I would contend, is not analogous because it doesn't include those same legislative pronouncements. I mean, they say that we want such disputes, quote, resolved in an amicable and fair manner. The legislature said, quote, they urge parents to share the rights and responsibilities of child-rearing. This is not in the nature of just a private contract dispute. This is much closer to something like the fundamental constitutional interest. There's even the interest of the state in protecting the, in protecting children and making sure that child custody disputes are resolved correctly, have the doctrines of parents' piety, where they can intercede and take custody of the child under certain circumstances. So I would say that this is different. This isn't just a private dispute. But what about other legislation that says pollution control is important in our state? You know, some preamble about that. Or water right access is important in our state. Child custody is important in our state. If we just look for a statute that has some preamble that this is an important state interest, you, I guess, are arguing that that brings almost everything into the parameter of a per se rule. What I would argue is this. We argue for a per se rule, but setting a per se rule aside, there is at least a general principle. Truthful in court testimony is generally a matter of public concern. The subject matter here, and especially because there's those legislative pronouncements. So in your hypothetical, if there were such pronouncements as strong as the ones we have here saying it is of paramount importance to the state of Colorado to have water rights disputes resolved in an amicable and fair manner because we are suffering from tremendous drought in this state, it's of great importance to this community, and you have in court testimony on that subject, I would say yes, that is enough. Is the better practice to get a subpoena for employees going to testify? I would say this. I would think the answer is yes. Your answer is having to do with better practice. The answer would be yes. But I would like to add. Okay, so now we know that. But here the employee did not get a subpoena. Here the employee did not get a subpoena. And should that matter to us in formulating a policy for the circuit? No, it should not. Because especially, and I would direct this course to the Third Circuit's opinion in Green, where the Third Circuit and in Green and in the Fifth Circuit case, both circuits say the issue here isn't the testimony, the nature of the testimony, or even the truthfulness or untruthfulness of the testimony, that's my paraphrase. What is important is the public access to trials. And if I went to the, and adopt the Grand Junction, downtown Grand Junction test, and if I went downtown Grand Junction and I said to people, you know, employers in Grand Junction are firing employees if the employee goes to court and is sworn to testify to tell the truth and testifies. That's a basis to be camped. People would say, wait a minute, not in America, they're not terminating people for testifying in court. That would be shocking to the system of democracy, right? Yes. And so why wouldn't you answer Judge Ebell's question, yes, Judge, it doesn't matter whether the testimony is true or untrue, the court, the trial court will determine whether the truthfulness of the statement. The important principle for you as a circuit to protect is the ability of courts to run in an open and free manner, and that includes the right to have witnesses testify freely without fear of recrimination and termination. That's what the Third and the Fifth Circuit did, right? Yes. And I agree with your characterization. And if I understand your question, it's why didn't I answer it more directly to the question having to do with truth or falsehood. It's just simply never been our position. Seems to be like a little rabbit hole you don't necessarily need to go. Yeah. I don't necessarily need to go there. Are there any additional questions on this point? Because if not, I would reserve my time. Counsel, you may. I please the court, counsel. My name is Jeff Driscoll. I'm here on behalf of Mr. Horner and Ms. Howard. The district court dismissed Mr. Butler's First Amendment on free speech claims decisions should be affirmed. The issue before this court is whether Mr. Butler's testimony as a character witness on behalf of his sister-in-law in a private child custody dispute is protected speech. Well, did his testimony disrupt the workplace? Is there any assertion on your part that there was a disruption of the workplace because of the testimony? Because of the nature of the testimony? Yes. So there was... Because of the fact that he testified. Just the fact of the fact that he testified? Yes. No, sir. Thank you. That's not our position. And that's because we're here on a motion. All we have is the complaint. Exactly. That we're evaluating and there's nothing in there that would go to the balancing palm. Very little in there. Correct. I mean, the only thing, Mr. Butler testified on behalf of his sister-in-law favoring her having custody of a child. There was, he alleges that one of the questions he was asked was about the hours of operation. That was the extent of his testimony involving the county directly. So if we look at our decisions at Worley and Langley, all of them have been tending to and protecting witnesses who testify in courts from the kind of conduct that happened here, namely termination. Why doesn't, why isn't basic, why aren't you arguing to us and asking us to adopt a policy that is contrary to what we've been doing all along? And why would that be better than what we've got? Well, whether or not the court wants to adopt a bright line rule is not the issue before the court. The issue is whether or not the state of the law in September of 2016 is whether there was a per se bright line rule. And the case law as of September 2016 does not support that proposition. Well, what do you understand are holding Langley and Worley to account? So the holding of Langley, the court, the appellate court indicated that it required case by case, two part analysis. And the two part analysis that the court Well, I'm going to read some direct quote to you and then you amplify for me, please. Langley said at Penn site 1479, page 1479, quote, the law is clearly established that the First Amendment protects the right to testify truthfully at trial, period, end of quote. What's ambiguous about that? So that's a generic general proposition that in-court testimony falls within the scriptures of First Amendment protections, but that doesn't answer the question. It's just a generic pronouncement. The court in Langley, to determine whether or not, in fact, that testimony was entitled to protection, said that you have to do two things. You have to determine if the speech was on the matter of public concern, and you have to balance the interests of the employee and the employer. So the Langley court did not adopt a bright line per se rule, because they said that you have those two factors that you have to analyze to determine whether or not the testimony should be protected. And what about Worley? So on Worley, the On Worley, excuse me, yes. This circuit, page 1205, end note five, said First Amendment protection of public employees' testimony is not absolute. They went on to say on that same page, only matters of public concern are protected by the First Amendment in the context of public employees testifying in court. The Worley court went on to say that you must balance the competing interests, and that's done on a case-by-case basis. So the Morrell court is, again, saying that there is not an absolute rule in that to determine whether or not the in-court testimony is protected, you still have to look at you still have to decide whether or not it pertains to a matter of public concern. Is the Supreme Court's decision in Lane v. Franks relevant? It is, Your Honor. They, again, emphasize that the public concern inquiry involves content, form, and context. The Lane court said that sworn testimony in judicial proceedings fortifies the conclusion that speech in court involves public concern, but they did not take that extra step and say that it is per se a matter of public concern. Why does the subject matter of the proceeding matter? Why isn't Judge Lucero's suggestion that it's really about access to the courts and anti-retaliation that's at stake here, and that those are matters of important public concern? Why do we even need to look at the nature of the underlying courtroom dispute? Well, again, very well. That might be the policy that this court wishes to adopt as a bright-line rule. Again, the issue is whether or not that was the state of the law in September of 2016, because my clients have considered the qualified immunity defense, and under that defense, they have to establish that the law was clearly established at that time. Beyond the clearly established, though, the test is not is the employer's response a matter of public concern. Judge Lucero's comment was, well, wouldn't everybody be shocked if an employer fired you for testifying? Maybe they would be. They would be shocked not by the speech. They wouldn't be publicly concerned about the speech. They would be publicly concerned about the response. The test, though, is not was the employer's response a matter of public concern. The test is was the speech a matter of public concern? And there, you have to ask, is somebody testifying about their sister-in-law and saying that the place this person works is a public company and they work 40 hours a week, and that doesn't leave a lot of time to take care of a foster child? Would that be extra, extra read-all about it? You've got to work 40 hours a week at this state company. So I think there are strong public policy arguments that the public would be very concerned about how the employer responds, and there may be other causes of action for that, but that is not the test we have to deal with. We have to ask, number one, is the speech a matter of public concern? Correct. Why should this circuit, or any circuit, intermeddle in speech to that level of degree, that whether it's a testimony about a mother-in-law or an antitrust action or whatever it is, aren't the courts of this country open institutions where people have the right to go in and testify? Well, the Supreme Court, as well as this circuit, has established that employers have the right to regulate speech. To patrol what their employees say in courtrooms? Surely not. Surely the Third Circuit and the Fifth Circuit are right, and you're asking us, it seems to me, by saying that the law isn't clearly established. You're asking us to basically create a circuit split with these other circuits and announce the law that employers have the right to patrol what their employees say in courtrooms. That seems to me shocking beyond belief. Well, the U.S. Supreme Court has, there is not a U.S. Supreme Court case on point that says that there is a bright-line per se rule that when you testify in court, regardless of what you say, is protected speech. There is not a Tenth Circuit court that provides precedence for this court that says that same thing. There is a split amongst the circuits as to whether or not there should be a per se rule. That was specifically identified in the Deutsch v. Jordan case, as well as the Helbing v. Hay case. And so, again, the issue that we're addressing here is what was the state of the law at the time that this action was taken, and that's what the state of the law was. Well, certainly, counsel can and has argued that the state of the law was precisely what I read to you from the decision in Langley, that the First Amendment protects that kind of testimony. It does if it's on a matter of public concern. Well, if we disagree with you on the matter of public concern prong, the Court also did address this balancing argument to some extent, but given the posture of this case, shouldn't it be remanded back to the district court to conduct discovery and resolve whether the governmental interest in workplace harmony is what the balancing should be on that? The district court founded his decision on the public concern prong of the Garcetti Pickering test, and he declined to address the balancing of interest. And I agree, because of the procedural posture of this case, this panel would have insufficient information to balance interests. Unless the Court has further questions for me, we would ask the Court to affirm the district court's dismissal of Mr. Butler's claim. Thank you. Before you sit down, would your position differ if Mr. Butler had been subpoenaed? Well, in the Halden versus Hayes case, which involved an affidavit versus testimony, there was some discussion in that case about the fact that it was a sworn affidavit and whether or not it was provided voluntarily or not. I think for purposes of the journal, whether or not this involved a matter of public concern, whether it was subpoena testimony or voluntary testimony, I think the fact that it's voluntary leads it closer towards it not being a matter of public concern than it being more private in nature. All right. Thank you, counsel. Mr. Mead, you had some rebuttal? Yes. I have just two points that I would like to make. You asked a question about whether it's subpoenaed versus unsubpoenaed. I would say the dividing line between protected testimony, whether it's protected or unprotected, can't be based solely whether or not the person was subpoenaed because a person can be threatened with a subpoena and agree to testify in the threat. Alternatively, if a person is asked to testify, they can simply ask to be subpoenaed. So that line ends up being... Well, it seems like a better argument would be when you raise your hand and are sworn in at the trial, that that's the watershed moment. At that point, you've subjected yourself to perjury, right? Sure. Yes. But my central point is the dividing line can't be the subpoena. I just was trying to address your concern. As far as the law... And that was my first point. On the second point, as far as the law being clearly established in this circuit that adopting implicitly a per se rule, I would direct this court to the holding in Worrell with respect to Defendant Turner, because with respect to Defendant Turner in that case, for the other defendants, there was a grant of summary judgment, and so they looked at the content of the speech and they looked at the fact that it was trial testimony. But when it comes to Defendant Turner, it was for qualified immunity, and they said the law was clearly established that... Did they stipulate to that? They did not... No, they did not stip... As I read the opinion, they didn't stipulate to it for the qualified immunity issue, because that issue was never addressed in the district court. It was raised for... It was resolved for the first time on appeal, and there's no evidence in the opinion that they... Certainly, they didn't stipulate to the fact that the law was clearly established. They didn't dispute... Didn't they stipulate that it was a matter of public concern? They didn't dispute that it was a matter of public concern for purposes of the summary judgment, but they didn't stipulate to it. Why would that clearly establish the principle, then? Because there was no longstanding precedent having to do with speech on that subject matter, that is, arrest procedures. There was only longstanding precedent having to do with truthful trial testimony being protected. Do you think Judge Hartz's decision in Deutsch, saying that it's unclear what the state of the law is, you would disagree with that? I would say that his footnote, for one thing, it's dicta, and for another, what he says is that this court has not expressly adopted a per se rule, which is technically true. You're saying that we've implicitly adopted a per se rule. Yes. Judge, I think we understand your arguments. Thank you. Those were well presented. Counsel, excuse, and the case shall be submitted, and we'll call the fifth and final case.